MAYER BROWN LLP
John P. Zaimes (SBN 91933)
 *jzaimes@mayerbrown.com*
Ruth Zadikany (SBN 260288)
 *rzadikany@mayerbrown.com*
350 South Grand Avenue, 25th Floor
Los Angeles, CA 90071
Telephone: (213) 229-9545
Facsimile: (213) 625-0248

MAYER BROWN LLP
Archis A. Parasharami (DC Bar No. 477493)
(admitted *pro hac vice*)
 *aparasharami@mayerbrown.com*
1999 K Street NW
Washington, DC 20006
Telephone: (202) 263-3000
Facsimile: (202) 263-3300

Attorneys for Defendant,
LYFT, INC.

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN GRANT GARDNER, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>LYFT, INC.,<br><br>Defendant. | Case No. 3:15-CV-00304-GPC-RBB<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF LYFT, INC.'S MOTION TO DISMISS OR STAY ACTION**<br><br>Date:   August 21, 2015<br>Time:  1:30 p.m.<br>Courtroom:  2D (Schwartz Courthouse)<br><br>Honorable Gonzalo C. Curiel<br><br>[Notice of Motion and Motion to Dismiss or Stay Action, Declaration of Ruth Zadikany, and [Proposed] Order Filed Concurrently Herewith]<br><br>Complaint Filed:  February 12, 2015 |

### MEMORANDUM OF POINTS AND AUTHORITIES

## I. PRELIMINARY STATEMENT

Defendant Lyft, Inc. ("Lyft") moves to dismiss plaintiff John Grant Gardner's ("Gardner") Complaint for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1).  In the alternative, Lyft moves to stay this action.

Gardner alleges in his Complaint that he received three SMS text messages from Lyft on his cellular telephone in January and February 2015, Compl. ¶¶ 23-24. He had provided Lyft with his cellular telephone number while filling out an online application to become a driver on the Lyft Platform.  *Id*. ¶¶ 20-22.  (He did not complete the application, and the text messages were in the nature of reminders to do so.)

Plaintiff Gardner alleges as his sole basis for recovery that the messages were placed by an "automatic telephone dialing system," for non-emergency purposes, and without his prior express written consent in violation of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227.  *Id.* ¶¶ 26-30. Gardner seeks statutory damages, injunctive relief and costs.[1]  *Id.* at 11-12, ¶¶ 1-6 (Prayer for Relief).

Lyft made Gardner an offer of judgment under Federal Rule of Civil Procedure 68 that more than fully satisfies Gardner's own claims against Lyft. Declaration of Ruth Zadikany ("Zadikany Decl."), Exh. A.  Gardner did not accept that offer by the 14-day deadline set forth in Rule 68 (*id.* at ¶ 3), and the offer and his rejection of it render his claims moot and subject to dismissal under *Genesis Healthcare Corp. v. Symczyk,* 133 S. Ct. 1523 (2013).

---

[1]     Gardner's Complaint also requests attorneys' fees (*Id.* at 12, ¶ 5), but there is no basis under the TCPA for such a claim.  47 U.S.C. § 227(b)(3); *see also, e.g., Lary v. Rexall Sundown, Inc*., 2015 WL 590301, at *14 (E.D.N.Y. Feb. 10, 2015) (TCPA does not authorize recovery of statutory attorney's fees); *Smith v. Microsoft Corp.*, 297 F.R.D. 464, 469 (S.D. Cal. 2014) (TCPA "does not provide for attorney's fees").

We recognize that two recent Ninth Circuit cases, *Diaz v. First American Home Buyers Protection Corp.*, 732 F.3d 948 (9th Cir. 2013), and *Gomez v. Campbell-Ewald Co.,* 768 F.3d 871 (9th Cir. 2014), have taken a contrary position on mootness. However, the Supreme Court has recently granted review of this very issue in *Campbell-Ewald Co. v. Gomez*, No. 14-857, 2015 WL 246885 (U.S. May 18, 2015), a case arising in the Ninth Circuit. *Campbell-Ewald* is a TCPA putative class action, and the defendant in *Campbell-Ewald* made an offer of judgment to the named plaintiff in that case that would more than fully satisfy his individual claims, just as Lyft did here.

If the Court does not dismiss this action based on mootness, judicial economy would be best served by staying this action until *Campbell-Ewald* is decided, because the Supreme Court's decision in *Campbell-Ewald* will substantially affect (if not outright dispose of) the jurisdictional issues raised by such a motion to dismiss. Lyft therefore moves for a stay in the alternative.

There are a number of authorities in the Ninth Circuit and elsewhere that support such a stay. And although the grant of certiorari in *Campbell-Ewald* is very recent, at least two federal courts faced with nearly identical claims under the TCPA have recognized the significance of the Supreme Court's grant of review in *Campbell-Ewald*, and have entered stays pending the outcome of that case. *See Williams v. Elephant Ins. Co.*, 2015 WL 3631691, at *1 (E.D. Va. May 27, 2015) (entering stay pending outcome of *Campbell-Ewald* and *Spokeo, Inc. v. Robins*, No. 13-1339, 135 S. Ct. 1892 (U.S. Apr. 27, 2015)); Zadikany Decl., Exh. B (*Mey v. Frontier Commc'ns Corp.*, No. 3:13-cv-01191, Dkt. No. 118 (D. Conn. May 26, 2015) (docket entry noting that the court will be entering a stay as to further litigation against the defendant pending the outcome of *Campbell-Ewald*)).[2] In

---

[2]     The Court in *Mey* permitted only limited discovery involving third parties to proceed while halting any discovery or further proceedings against the defendant itself. *See also Mey*, Dkt. No. 120 at 3-4 (D. Conn. June 1, 2015), (Joint Status

other cases, including a major TCPA multi-district litigation, the parties themselves have recognized that a stay is warranted, have proposed stipulations to that effect, and the courts have approved such stipulations. *See* Zadikany Decl., Exh. C (*In re Monitronics Int'l, Inc. Telephone Consumer Protection Act Litig.*, No. 1:13-md-2493, Dkt. No. 459 (N.D. W.Va. June 17, 2015) (Order Staying Case)); *see also Syed v. M-I LLC*, 2015 WL 3630310, at *1 (E.D. Cal. May 29, 2015) (staying case pending Supreme Court's decision on similar standing issue in *Spokeo v. Robins*).

## II.  **BACKGROUND**

Defendant Lyft is a mobile phone-based ridesharing platform.  It is designed to provide users with a friendly, safe, and affordable transportation option that matches people who need rides to particular destinations with people driving to or through those destinations.[3]  Lyft connects riders and drivers via its mobile phone application, the Lyft App.  *Id.*  Through the Lyft App, passengers can connect with fellow Lyft community members, providing passengers with a transportation alternative that is safe and sustainable.  *Id.*

Gardner alleges that, on January 31, 2015, he received the following SMS text message from Lyft on his cellular telephone:

> Hey, grant, your driver application is in progress.  You could earn $800 this weekend!  Complete your application to start driving – http://lft.to/go-drive.

Compl. ¶ 23.  He also claims that on February 3 and February 6, 2015, he received the following text messages from Lyft, stating respectively:

> 'Hey grant, you started your LYFT application and are just a few steps from completing – http://lft.to/go-drive.'; and 'Hey grant, you're just a few steps away from joining the fast-growing community of drivers.  Complete your

Report).

[3]  *See* https://www.lyft.com/drivers.

3

application – http://lft.to/go-drive.'

*Id.* ¶ 24.  Gardner further alleges that, although he had previously provided Lyft his cellular telephone number (on January 28, 2015) when he began, but did not complete, the Lyft driver application process through Lyft's website, he never provided his prior express written consent to Lyft to receive any automated text messages on his cellular telephone.  *Id.* ¶¶ 20-21.  Gardner seeks $500 in statutory damages ($1,500 trebled) for each text message he received,[4] plus injunctive relief, attorneys' fees and costs.

Gardner also seeks to represent a nationwide putative class of:

> All persons domiciled within the United States who, within the last four years, received a non-emergency text message on their cellular telephone from LYFT, without their prior express written consent, via an ATDS, after providing LYFT with the telephone number at which they received the text message from LYFT through LYFT's website.

*Id.* ¶ 33, and he seeks further statutory damages and injunctive relief on behalf of this putative class for each message received, as well as attorneys' fees, and putative damages and costs.  *Id.* at 11-12, ¶¶ 1-7 (Prayer for Relief).

Lyft has made an Offer of Judgment to Gardner pursuant to Federal Rule of Civil Procedure 68.[5]  Zadikany Decl., Exh. A.  Since Gardner alleged that he received three SMS text messages on his cellular phone on January 31, 2015 and on February 3 and 6, 2015, Compl. ¶¶ 23-24, Lyft offered:  (1) to pay Gardner

---

[4]    The TCPA provides for statutory damages of "up to $500 . . . for each . . . violation," which a court may treble in the event that the violation is "willful[]" or "knowing[]."  47 U.S.C. § 227(c)(5).

[5]    Federal Rule of Civil Procedure 68 provides, in relevant part:  "At least 14 days before the date set for trial, a party defending against a claim may serve on an opposing party an offer to allow judgment on specified terms, with the costs then accrued.  If, within 14 days after being served, the opposing party serves written notice accepting the offer, either party may then file the offer and notice of acceptance, plus proof of service.  The clerk must then enter judgment."  Fed. R. Civ. P. 68(a).

$4,509 for the three text messages (i.e., $1,503 for each text message); (2) to pay Gardner pre- and post-judgment interest; (3) to pay all reasonable costs that Gardner would recover if he were to prevail; and (4) to stipulate to the entry of an injunction prohibiting Lyft from sending SMS text messages to Gardner unless he provides prior express written consent to such messages. Zadikany Decl., Exh. A at 1–2. The Offer would thus fully satisfy all of Gardner's own claims against Lyft.[6] Gardner did not accept Lyft's Rule 68 Offer by the June 26, 2015 deadline set by Rule 68. *Id.* at ¶ 3.

## III.   GARDNER'S CLAIMS ARE MOOT, AND THIS ACTION SHOULD EITHER BE DISMISSED OR, IN THE ALTERNATIVE, STAYED

The doctrine of mootness stems from Article III of the Constitution. *See, e.g.*, *Spencer v. Kemna*, 523 U.S. 1, 7 (1998); *Lewis v. Cont'l Bank Corp.*, 494 U.S. 472, 477-78 (1990). The case-or-controversy requirement subsists through all stages of federal judicial proceedings, and the mootness doctrine ensures that parties "continue to have a personal stake in the outcome of the lawsuit" throughout its duration. *Spencer*, 523 U.S. at 7 (quotation marks omitted). Accordingly, "an actual controversy must be extant at all stages of review," and "[i]f an intervening circumstance deprives the plaintiff of a personal stake in the outcome of the lawsuit, at any point during litigation, the action can no longer proceed and must be dismissed as moot." *Genesis Healthcare Corp.*, 133 S. Ct. at 1528-29 (assuming without deciding that petitioners' Rule 68 offer mooted

---

[6]   Lyft has not offered Gardner attorneys' fees because the TCPA does not provide for an award of attorneys' fees. *See* 47 U.S.C. § 227. Every court to consider the question has concluded that the TCPA does not authorize recovery of attorneys' fees. *See, e.g.*, *Lary*, 2015 WL 590301, at *14 (TCPA does not authorize recovery of statutory attorney's fees); *Smith*, 297 F.R.D. at 469 (TCPA "does not provide for attorney's fees"). Neither does it authorize an award of putative damages. *See, e.g.*, *Cunningham v. Addiction Intervention*, 2015 WL 475264, at *3 (M.D. Tenn. Feb. 4, 2015) (TCPA does not authorize recovery of punitive damages), *report and recommendation adopted*, 2015 WL 1101539 (M.D. Tenn. Mar. 11, 2015).

plaintiff's individual claim).

Under *Genesis Healthcare,* Gardner's failure to accept Lyft's offer of judgment pursuant to Federal Rule of Civil Procedure 68 – despite the fact that it fully satisfies and even exceeds Gardner's claims – renders his claims moot.  It therefore precludes him from proceeding with his lawsuit in this Court, either on behalf of himself or a putative class.  Lyft recognizes that the Ninth Circuit has ruled to the contrary in *Diaz v. First American Home Buyers Protection Corp.*, 732 F.3d 948 (9th Cir. 2013) and *Gomez v. Campbell-Ewald Co.*, 768 F.3d 871 (9th Cir. 2014).  However, *Diaz* and *Campbell-Ewald* cannot be squared with *Genesis Healthcare,* and both are therefore likely to be overturned by the Supreme Court's upcoming decision in *Campbell-Ewald.*

Although Gardner's claims have been mooted by an unaccepted offer of judgment, Lyft recognizes that, under current Ninth Circuit precedent, this Court may not yet be able to reach that conclusion.  If that is so, the Court can and should stay this action pending the resolution of *Campbell-Ewald*, which is factually and legally on all fours with Gardner's action.  Factually, the plaintiff in *Campbell-Ewald,* as in this action, filed a putative class action alleging violations of the TCPA.  *See* Pet. for Writ of Certiorari, at 2, *Campbell-Ewald*, 2015 WL 241891. In addition, the defendant in *Campbell-Ewald*, like Lyft here, made a Rule 68 offer of judgment that would have fully satisfied the plaintiff's own claims, but the offer was not accepted.

The legal issues in *Campbell-Ewald* that the Supreme Court agreed to decide are also on all fours with this action.  As the *Campbell-Ewald* cert petition indicates, the mootness issue presented to the Supreme Court has two important components, both of which are equally present here: (1) whether an unaccepted Rule 68 offer that would fully satisfy the plaintiff's claims renders the plaintiff's claim moot under Article III, and (2) the significance for Article III purposes of the

individual plaintiff's desire to represent a putative class that has not been certified. *See* Pet. for Writ of Certiorari, at 13-23, *Campbell-Ewald*, 2015 WL 241891.  As the petition for cert further explains, lower courts have reached conflicting results on both of these components, making the Supreme Court's intervention and clarification all the more important – and worth waiting for.  *See id.*; *see also, e.g.*, *Stein v. Buccaneers Ltd. P'ship*, 772 F.3d 698, 703, 707-09 (11th Cir. 2014) (acknowledging the circuit conflict on both issues and the "tension" between the Ninth Circuit's approach and the Supreme Court's decision in *Genesis Healthcare*).

If this case were to proceed now, only to have the Supreme Court later rule that Gardner's claims were mooted by Lyft's Rule 68 Offer of Judgment, all of the time and effort that the parties and this Court would have expended litigating this case further will have been for naught.  Judicial economy will clearly best be served by holding this case in abeyance pending the Supreme Court's decision in *Campbell-Ewald*.

This same situation arose just a few years ago when the Supreme Court granted certiorari in *AT&T Mobility LLC v. Concepcion*, 131 S. Ct. 1740 (2011), and an overwhelming majority of courts entered stays pending the outcome of *Concepcion.*  The grant of certiorari in *Concepcion* promised to clarify whether the Federal Arbitration Act preempted state laws that operated to invalidate consumer arbitration agreements.  Court after court, including this Court and others in the Ninth Circuit, recognized that the decision in *Concepcion* – much like the upcoming decision in *Campbell-Ewald* – would resolve the threshold question of whether the plaintiffs before them belonged there at all.  Therefore, once the Supreme Court agreed to hear *Concepcion,* those courts granted stays.  *See, e.g.*, *Carney v. Verizon Wireless Telecom, Inc.,* 2010 WL 3058106, at *2- *3 (S.D. Cal. Aug. 2, 2010) (Sabraw, J.) (defendants could suffer hardships by engaging in

discovery, motion practice and trial preparation, plus "the orderly course of justice . . . could be expected to result from a stay"); *Cardenas v. AmeriCredit Fin. Servs., Inc.*, 2011 WL 846070, at *2–4 (N.D. Cal. Mar. 8, 2011) (holding that the "orderly course of justice" and "balance of harms" favored a stay pending *Concepcion*); *Cuadras v. MetroPCS Wireless, Inc.*, 2011 WL 227591, at *2 (C.D. Cal. Jan. 21, 2011) (collecting cases granting stays pending a decision in *Concepcion*, and noting that "the weight of authority appears to be decidedly in favor of granting such stays"); *Homa v. Am. Exp. Co.*, 2010 WL 4116481, at *8-9 (D.N.J. Oct. 18, 2010) (explaining that "[a]dvancing this litigation while" *Concepcion* is pending "may be an exercise in futility"); *Kaplan v. AT&T Mobility, LLC*, 2010 WL 4774790, at *1 (C.D. Cal. Sept. 27, 2010) (recognizing that "potential prejudice to the plaintiffs by delay" is "far outweighed by the potential prejudice to defendants that would result from the expense of litigating these claims," and that the "public interest in the preservation of judicial resources also weighs in favor of staying the case"); *see also, e.g.*, *In re Apple iPhone 3G & 3GS MMS Marketing & Sales Practices Litig.*, 864 F. Supp. 2d 451, 454–55 (E.D. La. 2012) (noting that the court had previously stayed the case pending the outcome of *Concepcion*); *Vernon v. Qwest Commc'ns Int'l, Inc.*, 857 F. Supp. 2d 1135, 1140 (D. Colo. 2012) (same).

Equally as important, as noted at the outset of this brief, a clear trend is emerging among the federal courts that have in recent weeks considered requests for stays pending the outcome in *Campbell-Ewald*:  By and large, the courts are granting such requests.  *See Williams v. Elephant Ins. Co.*, 2015 WL 3631691, at *1 (E.D. Va. May 27, 2015); Zadikany Decl., Exh. B (*Mey*, Dkt. No. 118; *id.*, Exh. C (*In re Monitronics Int'l, Inc. Telephone Consumer Protection Act Litig.*, Dkt. No. 459 (Order Staying Case); *see also Syed*, 2015 WL 3630310, at *1 (granting a stay pending the Supreme Court's decision on a similar standing issue in *Spokeo v. Robins*).

`

**IV.    CONCLUSION**

Gardner's complaint against Lyft should be dismissed for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1).   In the alternative, the Court should stay this case pending the Supreme Court's resolution of *Campbell-Ewald*.

Dated:  June 29, 2015                    MAYER BROWN LLP

By: *s/ John P. Zaimes*
                 John P. Zaimes

Attorneys for Defendant,
LYFT, INC.

9

## <u>CERTIFICATE OF SERVICE</u>

I, the undersigned, declare under penalty of perjury that I am over the age of eighteen years and not a party to this action; and that I served the individuals on the service list below or attached hereto the following documents:

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF LYFT, INC.'S MOTION TO DISMISS OR STAY ACTION**

**Filed June 29, 2015 on the ECF system and served pursuant to General Order No. 550, with:**

E. Elliot Adler
eadler@theadlerfirm.com

_/s/ John P. Zaimes_
John P. Zaimes
email:  jzaimes@mayerbrown.com

1